UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

KRISTA ROSENBERG, M.D.,

    Plaintiff,

v.                        Case No.:

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE**, that pursuant to 29 U.S.C. § 1132(e), 28 U.S.C. §§ 1331, 1332, 1441 (actions removable) and 1446 (removal procedure), Defendant Reliance Standard Life Insurance Company (misidentified in the Complaint as "Reliance Standard Insurance Company") removes this Civil Action from the Circuit Court of the 15th Judicial Circuit for Palm Beach County, Florida to the United States District Court for the Southern District of Florida, together with all process, pleadings, and Orders, as required by 28 U.S.C. § 1446 (a), copies of which are attached hereto and made part hereof; and in support of this notice, Defendant avers as follows:

    1.    On or about August 22, 2022, Plaintiff filed a Complaint in the 15th Judicial Circuit for Palm Beach County, Florida, bearing Case No. 50-2022-CA-008180-XXXX-MB entitled *Krista Rosenberg, M.D. v. Reliance Standard Life Insurance Company* (the "Complaint"). A copy of the Complaint is attached as Exhibit "A".

    2.    The Complaint was delivered to the State of Florida Chief Financial Officer, Florida Department of Financial Services as statutory registered agent for Defendant on August 30, 2022 and served on Defendant on September 1, 2022. Therefore, this removal is being filed within 30 days of the filing of the Complaint and is in compliance with 28 U.S.C. § 1446(b).

2

3. Plaintiff filed this lawsuit seeking disability benefits under a group policy delivered by Reliance Standard to Retina Group of Florida. Complaint, para. 4.

4. While Plaintiff claims that her claims are not governed by ERISA because she is an "owner", she is wrong.[1]

5. In addition to a Class for "Owner/Physician", there is an Eligible Class comprised of "Manager and Administrator". See Exhibit "A" at page 1.0. Also, Retina Group of Florida paid 100% of the premiums for those in an Eligible Class and participation for those in an Eligible Class was mandatory (minimum participation 100%). See Exhibit "A" at pages 1.0 and 1.1.

6. Also, Plaintiff worked for Retina Group of Florida under an "Employment Agreement" at the time of her claimed disability and was identified as an "Employee", not an owner.[2] Plaintiff was considered a "Partner Physician" for compensation purposes only and no rights or duties of ownership are stated in the Employment Agreement. Therefore, even considering only Plaintiff's claim, which is *not* the test, the claim is governed by ERISA. *See also Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 21 (2004) (a plan covering owners and their non-owner employees is governed by ERISA, as are any benefit claims of owners).

7. A cause of action filed in state court seeking recovery of benefits under an employee welfare benefit plan is removable to federal court pursuant to 28 U.S.C. § 1441(c) as an

---

[1] Plaintiff attached to the Complaint a 2013 Certificate/Summary Plan Description. The Certificate is not the Policy. A copy of the Policy is attached as Exhibit "A". As shown in the Policy, it was amended after 2013 to include non-owner/physicians as eligible participants. See Exhibit "A" at page 1.0.

[2] Due to the confidential terms of the Agreement, it is not being attached to this Notice but will be submitted under seal upon request.

2

275818707v.1

action arising under a federal law. *See Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987); *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41 (1987).

8. "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Taylor*, 481 U.S. at 63-64. "Accordingly, [a] suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, 'arise[s] under the . . . laws . . . of the United States'". *Id.* at 67 (quoting 28 U. S. C. § 1331). Complete pre-emption applies under ERISA. *Id.*

9. This court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). As a civil action founded upon a claim of right under the laws of the United States, this action may be removed to this court pursuant to the provisions of 28 U.S.C. § 1441(a), (b) and (c).

10. This Court also has diversity jurisdiction under 28 U.S.C. § 1332 as Plaintiff is a citizen of and domiciled in the state of Florida, and Defendant is an Illinois company with a principal place of business in Pennsylvania. Additionally, the amount in controversy exceeds

275818707v.1

$75,000 based on the amount of benefits claimed by Plaintiff through the date the Complaint was filed.

11. No pleadings, process or orders other than the Complaint have been served on Defendant and therefore no other pleadings, process or orders are attached to this Notice as required by 28 U.S.C. §1446(a).

12. All fees required by law in connection with this notice have been filed by defendant.

**WHEREFORE**, Defendant removes the above-captioned action to the United States District Court for the Southern District of Florida from the 15th Judicial Circuit for Palm Beach County, Florida.

    Respectfully submitted,

    **WILSON, ELSER, MOSKOWITZ,**
    **EDELMAN & DICKER LLP**
    100 Southeast Second Street-Suite 2100
    Miami, Florida 33131
    (305) 374-4400 Telephone
    (305) 579-0261 Facsimile

By: */s/ Tanya I. Suarez*
    TANYA I. SUAREZ
    Florida Bar. No.: 86259
    tanya.suarez@wilsonelser.com

*Attorneys for Defendant Reliance Standard Life Insurance Company*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on this 26th day of September, 2022 with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below either via transmission of Notices of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**SERVICE LIST**

Richard M. Benrubi, Esq.
BENRUBI LAW, P.A.
6501 Congress Avenue, Suite 118
Boca Raton, FL 33487
P. (561) 910-8650
Rbenrubi@benrubilaw.com
cgarcia@benrubilaw.com
*Counsel for Plaintiff*

Jeffrey M. Liggio, Esq.
LIGGIO & CORNELL, P.A.
1615 Forum Place, Suite 3B
West Palm Beach, FL 33401
P. (561) 616-3333
F. (561) 616-3266
jliggio@liggiolaw.com
*Co-Counsel for Plaintiff*

275818707v.1